SUMMARY ORDER

Xian En Liu, a native and citizen of the People’s Republic of China, seeks review of a May 8, 2007 order of the BIA, affirming the December 9, 2005 decision of Immigration Judge (“IJ”) Sarah Burr, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Xian En Liu, No. A77 317 144 (B.I.A. May 8, 2007), affg No. A77 317 144 (Immig. Ct. N.Y. City Dec. 9, 2005). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
Although Liu is challenging the denial of relief in “asylum-only” proceedings, as opposed to an actual removal order, we nonetheless have jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. See Kanacevic v. INS, 448 F.3d 129, 134 (2d Cir. 2006). When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, we review both the BIA’s and IJ’s opinions—or more precisely, we review the IJ’s decision including the portions not explicitly discussed by the BIA. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We “defer ... to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin, 534 F.3d at 167. For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act, the agency may base a credibility finding on an asylum applicant’s *302 “demeanor, candor, or responsiveness,” the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(1)(B)(iii).
Substantial evidence supports the agency’s adverse credibility determination. Liu testified that his wife had been forcibly aborted; yet his statement to an asylum officer during his credible fear interview made no mention of any family planning claim. Id. Moreover, Liu admitted to the asylum officer that he had not mentioned his wife’s alleged forced abortion during his credible fear interview. Cf. Ramsameachire v. Ashcroft, 357 F.3d 169, 179 (2d Cir.2004) (noting that where discrepancies and omissions arise in the context of an applicant’s statements during an airport interview, the agency and this Court must closely examine the interview to ensure that it represents a “sufficiently accurate record” of the applicant’s statements to merit consideration in determining whether the applicant is credible). The IJ reasonably declined to credit Liu’s explanation that he failed to mention his wife’s alleged forced abortion because he was under stress, he had insufficient time to explain his claim, and he was worried about the money he owes to smugglers. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005) (finding that an agency need not credit an applicant’s explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).
Because Liu’s failure to mention his wife’s alleged forced abortion in his credible fear interview provided a sufficient basis for the agency’s adverse credibility determination, see 8 U.S.C. § 1158(b)(1)(B)(iii), we need not review the IJ’s additional finding that Liu’s testimony was vague, see Xian Tuan Ye v. Dep’t of Homeland, Security, 446 F.3d 289, 294 n. 6 (2d Cir.2006). Liu’s applications for asylum, withholding of removal, and CAT relief all rested on the same factual predicate. Accordingly, the agency’s denial of each application was proper. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006) (recognizing that withholding of removal and CAT claims necessarily fail if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim and the factual predicate for the claims is the same).
As to Liu’s CAT claim based on his illegal departure from China, an applicant cannot demonstrate that he is more likely than not to be tortured “based solely on the fact that [ ]he is part of the large class of persons who have illegally departed China” and on generalized evidence indicating that torture occurs in Chinese prisons. See Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 159-60 (2d Cir.2005); see also Pierre v. Gonzales, 502 F.3d 109, 118—19 (2d Cir.2007). Liu provided no basis for the IJ to conclude that he, or someone in his “particular alleged circumstances,” faces a risk of torture. Substantial evidence therefore supports the agency’s denial of his application for CAT relief based on his illegal departure.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).